United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51013
Summary Calendar

JAMES GREGORY LYNN,

Plaintiff-Appellant,

versus

JANIE COCKRELL, in her official capacity;
TERRY R. HASSEL, Head Warden; JIMMY R. LAWSON,
Major; BENNY H. BOYKIN, Captain; JOE R. ALDERMAN,
Substitute Counselor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-207
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Gregory Lynn, Texas prisoner #636695, moves for leave
to proceed in forma pauperis (IFP) to appeal the district court's
dismissal of his civil rights complaint, filed pursuant to 42
U.S.C. § 1983, as frivolous and for failure to state a claim
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Lynn's motion
is a challenge to the district court's certification that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  As an initial matter, Lynn has abandoned his claim against Cockrell by failing to brief it adequately.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (arguments not briefed on appeal are deemed abandoned).

Lynn avers that Hassel, Lawson, Boykin, and Alderman filed and prosecuted false disciplinary cases against him in retaliation for his having filed a prior lawsuit against them.  Because an inmate is not required to demonstrate a favorable outcome of a disciplinary case if he is alleging a retaliatory motive, the district court abused its discretion in determining that the retaliation claims against Hassel, Lawson, Boykin, and Alderman were barred by Heck v. Humphrey, 512 U.S. 477 (1994).  See Woods v. Smith, 60 F.3d 1161, 1164-66 (5th Cir. 1995).  Thus, the district court erred in certifying that Lynn was not entitled to proceed IFP on appeal.  Therefore, Lynn's motion to proceed IFP on appeal is GRANTED.

However, the dismissal of the retaliation claims against Hassel, Lawson, Boykin, and Alderman is AFFIRMED on the basis that Lynn failed to allege facts to support an arguable claim of retaliation.  See Hanchey v. Energas Co., 925 F.2d 96, 97 (5th Cir. 1990); Woods, 60 F.3d at 1164-66.

IFP GRANTED; AFFIRMED.