United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41455
Summary Calendar
_____

RICHARD DELANEY KYLES,

Plaintiff-Appellant,

versus

GERALD GARRETT; TROY FOX,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(3:03-CV-53)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard Delaney Kyles, Texas prisoner #
257935, proceeding pro se, appeals the district court's dismissal
of his 42 U.S.C. § 1983 suit challenging Texas's new parole
procedures. The court found that Kyles's action was frivolous and
failed to state a claim on which relief could be granted. We
review a dismissal as frivolous for an abuse of discretion. See
Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). We review a
dismissal for failure to state a claim de novo. See Harris v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (§ 1915(e)(2)(B)); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998)(§ 1915A).

Kyles's first contention is that the new Texas parole procedure violates the Ex Post Facto Clause by retroactively changing the manner in which parole is granted, thereby subjecting him to a risk of a longer term of imprisonment. Under the procedure in place at the time of Kyles's conviction, Texas law required only two of three votes of a regional panel for parole. The amended version of the parole procedure requires a majority vote of the entire 18-member board. Kyles does not seek to invalidate prior parole proceedings or to obtain immediate release; rather, he seeks only to have the former parole scheme apply to his future parole hearings. Thus, his action is properly brought pursuant to 42 U.S.C. § 1983. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

As Kyle correctly asserts, a retroactive change in the law governing parole might violate the Ex Post Facto Clause. See Garner v. Jones, 529 U.S. 244, 250 (2000). The inquiry is whether the change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Id. (internal quotation marks and citation omitted). A new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment, however, does not violate the Ex Post Facto Clause. See California Dep't of Corrections v. Morales, 514 U.S. 499, 513 (1995).

2

Kyles has alleged that two of the three members of the regional panel that would have considered his parole application under the former procedure have twice voted for his release. This allegation is supported by minutes of the parole board. Thus, the risk of increased punishment in his case is not entirely speculative or attenuated. Therefore, we cannot say that Kyles's complaint lacks any arguable basis in fact or law such that it is frivolous, see Martin, 156 F.3d at 580, or that, taking Kyles's allegations as true, it appears that no relief is available. See Harris, 198 F.3d at 156. We express no opinion on the merits of the case, but we conclude that, at this stage of the proceedings, the district court erred in dismissing Kyles's complaint with respect to his ex post facto challenge as frivolous and for failure to state a claim.

In contrast, we find no error in the district court's dismissal of Kyles's equal protection claim. He correctly asserts that the Equal Protection Clause may give rise to a cause of action on behalf of a "class of one," if the plaintiff shows that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Beyond conclusional allegations that others similarly situated have been granted parole, though, Kyles offers no specific factual support for his assertions. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (plaintiff in § 1983 action must

state specific facts, not merely conclusory allegations, to support his claim).

Although Kyles claims that he requires discovery to obtain information to support his claim, his argument fails. Even if there were others who were treated differently, Kyles has not alleged any facts to indicate that such different treatment had no rational basis or was motivated by any ill will or illegitimate animus. See Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), overruled on other grounds, McClendon v. City of Columbia, 305 F.3d 314, 328-29 (5th Cir. 2002) (en banc). Kyles was granted one opportunity to amend his complaint, and he has failed to show how a Spears hearing or further amendment of his complaint would enable him to further develop his claim. See Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988) (a district court is not required to hold a Spears hearing in every case). The district court did not err in denying Kyles leave to amend before ordering this claim dismissed. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

For the foregoing reasons, the judgment of the district court dismissing Kyles's claims based on the Ex Post Facto Clause is VACATED, and this claim is REMANDED for further proceedings consistent with this opinion. In all other respects, however, including dismissal of Kyles's equal protection claim, the judgment of the district court is AFFIRMED.

4