# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-31144
Consolidated with
No. 07-30223
Summary Calendar

RICHARD MAHOGANY, JR

Plaintiff-Appellant

v.

JIM ROGERS, Warden, Washington Parish Correctional Institute; MICHAEL HARRELL, Investigator; JEFF WILLIAMS, Lieutenant; MICAH MCMURRAY, Sergeant; RONALD BRANCH, Major; RICHARD STALDER, Secretary; KATHY MCGINNIS, Warden

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-2351

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Defendant-Appellant Richard Mahogany, Jr., Louisiana prisoner # 123340, contests the district court's dismissal of his § 1983 complaint against various employees of the Louisiana Department of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corrections, contending that they had initiated a false disciplinary action against him as a "reprisal" for his filing an administrative remedy procedure (ARP) complaint against them and submitting evidence in support of the ARP and possible future court proceedings. The district court dismissed the complaint as frivolous and for failure to state a claim because it was barred under Heck v. Humphry, 512 U.S. 477 (1994). Mahogany also challenges the district court's order denying his motion for reconsideration of the magistrate judge's (MJ) denial of his "Motion For Judgment/Rule to Show Cause" concerning the defendants' alleged spoliation of evidence. This interlocutory order merged into the district court's final judgment and became reviewable in Mahogany's appeal of the final judgment. See Dickinson v. Auto Ctr. Mfg. Co., 733 F.2d 1092, 1102 (5th Cir. 1983).

Mahogany's retaliation claim is not barred under Heck because "favorable termination [of allegedly retaliatory disciplinary proceedings] is not a requisite of a retaliatory interference claim." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Mahogany has not, however, alleged "a chronology of events from which retaliation may plausibly be inferred," nor has he shown that the defendants' destruction of evidence supported such a chronology of events. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Accordingly, the district court's dismissal of Mahogany's complaint is AFFIRMED.

Despite our briefing order, counsel failed adequately to brief the issue whether the district court erred in failing to consider Mahogany's retaliation claim or in denying his motion for judgment; neither has counsel addressed the issue whether Mahogany has established a retaliation claim. Counsel is ORDERED to show cause within 30 days why she should not be sanctioned. See Coghlan v. Starkey, 852 F.2d 806, 808-09 (5th Cir. 1988).