**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40271

RICHARD DELANEY KYLES

Plaintiff – Appellant

v.

GERALD GARRETT; TROY FOX

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-53

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2003, Texas prisoner Richard Delaney Kyles filed an action under 42 U.S.C. § 1983, alleging that a change in Texas's parole law, as applied to him, violated the Ex Post Facto Clause of the U.S. Constitution. The district court dismissed Kyles's claim as frivolous and for failure to state a claim. That dismissal was vacated by a panel of this court and the case remanded. On remand, the district court held that Kyles's claim was barred by *Heck v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Humphrey*, 512 U.S. 477 (1994). For the following reasons, we vacate and remand.

## FACTS AND PROCEEDINGS

In 1976, Richard Delaney Kyles was convicted of capital murder and sentenced to life imprisonment. At the time of his incarceration, Article 42.12 of the Texas Code of Criminal Procedure governed his parole process. Under this provision, parole was granted if the majority of a panel, composed of three parole board members, voted in favor of release. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 14A(i) (1979). In 1995, Texas enacted a new law requiring all members of the eighteen-member parole board to vote on capital felons' parole requests. 1995 Tex. Sess. Law Serv. ch. 318, § 83 (codified as amended at TEX. GOV'T CODE ANN. § 508.046 (Vernon 2004 & Supp. 2009)). Under the new law, for an inmate to be released on parole, at least two-thirds of the board must vote in favor of release. Effective January 11, 2004, Texas reduced the size of the parole board from eighteen members to seven. 2003 Tex. Sess. Law Serv. 3d Called Sess. ch. 3, § 11.03 (codified at TEX. GOV'T CODE ANN. § 508.031 (Vernon 2004)).

In 1995, a three-member panel denied Kyles parole. The new law requiring a full board vote then went into effect. In 1998, 1999, 2002, 2004, and 2007, Kyles was denied parole. The highest number of favorable votes he received in any one hearing was six out of a possible eighteen, in 2004.

Kyles filed a *pro se* § 1983 complaint in 2003. He sought injunctive relief ordering the parole board to apply the preexisting three-member panel review process to any future parole hearings. He argued that the change in Texas's parole process was a violation of the Ex Post Facto Clause of the U.S. Constitution.[1] A magistrate judge issued a report and recommendation ("R&R") recommending dismissal of the complaint with prejudice as frivolous and for failure to state a claim. The district court adopted the R&R in its entirety and

---

[1] He also alleged violations of the Equal Protection Clause. The district court's dismissal of those claims was affirmed by this court and is not at issue in the present appeal.

dismissed Kyles's claim with prejudice. In March 2007, a panel of this court held that the dismissal was erroneous and remanded the claim for further proceedings. *Kyles v. Garrett*, 222 F. App'x 427, 430 (5th Cir. 2007) (unpublished per curiam).

On remand, the defendants filed a motion for summary judgment. The magistrate judge issued an R&R recommending dismissal of Kyles's complaint with prejudice under the doctrines of res judicata and collateral estoppel and for failure to state a claim. Kyles filed a written objection to this recommendation. In February 2008, after *de novo* review of the R&R, Kyles's objection, and the entire record, the district judge issued a memorandum order. She accepted the R&R's factual findings in their entirety. She further found that Kyles's complaint was "subject to dismissal for reasons other than those stated by the Magistrate Judge in the Report and Recommendation." Rather than dismiss on the grounds recommended by the magistrate judge, the district judge held Kyles's claim "barred by the doctrine of *Heck v. Humphrey* . . . because the granting of relief would necessarily imply the invalidity of the parole decisions plaintiff challenges in this civil rights action." Accordingly, the district court dismissed Kyles's complaint without prejudice because his claim had not yet accrued under *Heck*. A final judgment was entered the same day.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo*." *Goodman v. Harris County*, 571 F.3d 388, 393 (5th Cir. 2009). "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)). "We consider the evidence in a light most favorable to . . . the non-movant, but [he] must point to evidence showing that there is a

genuine fact issue for trial to survive summary judgment." *Id.* (quotation omitted).

## DISCUSSION

### A.    Scope of Review

Although Kyles raised three points of error in his opening brief, he did so under the erroneous impression that the district court adopted the magistrate judge's R&R in its entirety and dismissed on res judicata, collateral estoppel, and failure to state a claim grounds, in addition to the *Heck* ground.  To the contrary, the district judge specifically stated that her dismissal was "for reasons other than those stated" by the R&R, which was adopted "as amended."

As the Supreme Court has stated: "The magistrate may do no more than propose a recommendation . . . .  The district judge is free to follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.  The authority—and the responsibility—to make an informed, final determination, we emphasize, remains with the judge." *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  Further, when a dispositive matter is referred to a magistrate judge for report and recommendation, "the courts of appeals lack power to review the magistrate judge's recommendation; appeal lies only upon entry of a district court judgment." 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3901.1, at 30 (2d ed. 1992).  "Should the district judge materially alter the magistrate judge's recommendation, it is unavoidable that appellate review is fully available as to any changes made by the district judge." 12 *id.* § 3070.1, at 372 (2d ed. 1997).

Kyles improperly seeks to appeal the magistrate judge's recommended dispositions on grounds of res judicata, collateral estoppel, and failure to state a claim.  Those recommendations formed no part of the ruling underlying the district court's judgment.  Accordingly, this court limits its appellate review to the *Heck* issue actually decided by the district judge.

## B.    *Heck v. Humphrey*

The district court held that Kyles's claim was barred by "the doctrine of *Heck*" because granting relief would imply the invalidity of the prior parole decisions.  In *Heck*, the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87 (footnote omitted).

In *Wilkinson v. Dotson*, the Court reviewed the cases leading up to and following *Heck*.  544 U.S. 74, 78-82 (2005).  It clarified that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.  The *Dotson* Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.  Thus, § 1983 relief "remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Id.*

In our prior opinion, to which we defer as law of the case, we stated: "Kyles does not seek to invalidate prior parole proceedings or to obtain immediate release; rather, he seeks only to have the former parole scheme apply to his

5

future parole hearings." *Kyles*, 222 F. App'x at 429. During oral argument, Kyles's court-appointed counsel confirmed that his desired relief is consonant with this court's understanding. Counsel reiterated the position taken in Kyles's briefs: that he seeks prospective injunctive relief, and cites the prior parole decisions as favorable evidence supporting the merits of his ex post facto claim.[2]

Indeed, Kyles's action bears a striking resemblance to the § 1983 lawsuit in *Dotson*. An Ohio prisoner challenged on ex post facto grounds the state's retroactive application of new parole guidelines for parole suitability. The Court held that the claim was not barred, by *Heck* or otherwise. It held that "the connection between the constitutionality of the prisoner['s] parole proceedings and release from confinement is too tenuous" to foreclose relief on the basis of *Heck*. 544 U.S. at 78. Kyles seeks relief that will "render invalid the state procedures used to deny . . . parole suitability" but does not seek "an injunction ordering his immediate or speedier release into the community." *Id*. at 82. Like the *Dotson* plaintiff, success for Kyles "means at most a new parole hearing at which [Texas] parole authorities may, in their discretion, decline to shorten his prison term." *Id*. Under *Dotson*, Kyles is not precluded by *Heck* from litigating his § 1983 claim.

---

[2] In addition to injunctive relief, Kyles's amended complaint after remand sought declaratory relief that the prior parole decisions violated his constitutional rights. Texas argues that granting such relief would require invalidation of those decisions and that the district court's dismissal was therefore appropriate. In *Dotson*, the plaintiff sought a similar declaration that his constitutional rights were violated by retroactive application of new parole guidelines. 544 U.S. at 77. The Supreme Court declined to bar declaratory relief. Even if declaratory relief were unavailable to Kyles, his claim for prospective injunctive relief would remain valid. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (recognizing a claim for a prospective injunction as cognizable under § 1983, even when a request for declaratory relief supporting a damages claim was not cognizable).

In any event, Kyles seeks declaratory relief not to invalidate the results of the parole decisions, but to substantiate his position that the change in parole law violated the Ex Post Facto Clause.

Though Kyles cited *Dotson* in his summary judgment opposition brief, the district court's memorandum order does not appear to have considered its applicability. Because Kyles encounters no bar to proceeding in his § 1983 action under *Heck v. Humphrey* the district court's dismissal of his claim on *Heck* grounds was erroneous and the State was not entitled to summary judgment on that basis.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is VACATED and this case is REMANDED for further proceedings consistent with this opinion. On remand, the district court may elect to consider any of the State's arguments not addressed in its memorandum order and hence not reviewed by this court.