# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

No. 08-50846
Summary Calendar

Lyle W. Cayce
Clerk

GARY JON HUNTER,

Plaintiff–Appellant

v.

RISSIE OWENS,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-270

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gary Jon Hunter, Texas prisoner # 511806, appeals the district court's dismissal of his complaint in this 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). Hunter argues that the retroactive application of TEX. GOV'T CODE ANN. § 508.046 to his case violates the Ex Post Facto Clause because it creates a substantial risk of increased punishment. Hunter seeks prospective injunctive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief placing him under the prior parole statute requiring a three-member panel and requiring Texas to grant him a special parole review.[1]

The district court dismissed Hunter's complaint for failure to state a claim, holding that Hunter's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it determined that granting relief would necessarily imply the invalidity of the prior parole decision. A district court's grant of a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is subject to de novo review. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.

In *Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008), we held generally that the new Texas parole statute did not facially violate the Ex Post Facto Clause because it changed only the discretionary determination and not eligibility for parole. Therefore, Hunter's facial challenge to TEX. GOV'T CODE ANN. § 508.046 is foreclosed by *Wallace*.

Hunter has shown that the district court erred in dismissing his "as applied" claim as barred by *Heck*. In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that § 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." In *Kyles v. Garrett*, No. 08-40271, 2009 WL 4250078 (5th Cir. Nov. 30, 2009), we held that a state prisoner was not precluded by *Heck* from bringing a § 1983 action challenging the retroactive application of TEX. GOV'T CODE ANN. § 508.046 as a violation of the

---

[1] Hunter does not identify any error in the district court's dismissal of his due process and equal protection claims. Therefore, he has abandoned these issues on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Ex Post Facto Clause. We found that success for Kyles meant "'at most a new parole hearing at which [Texas] parole authorities may, in their discretion, decline to shorten his prison term.'" *Id.* at *3 (*quoting Dotson*, 544 U.S. at 82). Under *Dotson* and *Kyles*, Hunter is not precluded by *Heck* from bringing a § 1983 claim challenging the retroactive application of TEX. GOV'T CODE ANN. § 508.046 as a violation of the Ex Post Facto Clause. *See Dotson*, 544 U.S. at 82; *see also Kyles*, 2009 WL 4250078 at **3-4. Hunter seeks only prospective injunctive relief requiring that the Parole Board apply the prior parole law of review by a three-member panel to his future parole hearings and requiring Texas to grant him a special parole review. Because the parole board has the discretion to deny parole, the relief Hunter seeks would not necessarily require immediate or speedier release for Hunter. Therefore, the district court erred in holding that Hunter's claim was precluded by *Heck*. *See Dotson*, 544 U.S. at 82; *see also Kyles*, 2009 WL 4250078 at **3-4. Accordingly, we vacate the district court's judgment as to Hunter's ex post facto claim and remand the case for further proceedings.

Consistent with this opinion, we vacate the portion of the district court's order declining to exercise supplemental jurisdiction over Hunter's state law claims. On remand, the district court should determine whether it should exercise such jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

AFFIRMED IN PART; VACATED IN PART; REMANDED.