Reginald WILLIAMS, Plaintiff–Appellant

v.

Eric HINYARD; Juan Conrad; Kevin Smith; Willie Dickens, Defendants–Appellees.

No. 09–30396
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 2010.

Reginald Williams, Louisiana State Penitentiary, Angola, LA, pro se.

Patricia Hill Wilton, Office of the Attorney General, Baton Rouge, LA, for Defendants–Appellees.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Reginald Williams, Louisiana prisoner # 364941, appeals the district court's grant of summary judgment and dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He argues that the Louisiana State Penitentiary officers used excessive force when they sprayed him

---

with an excessive amount of a chemical irritant and that their use of force was in retaliation for his successful appeal of a prior unrelated prison disciplinary conviction. He seeks damages, a declaratory judgment, and an injunction requiring officers to videotape any future use of force involving chemical agents. The district court determined that Williams's claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 648–49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

The district court granted the defendants' motion for summary judgment and dismissed Williams's complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). We review a grant of summary judgment de novo. *Mayfield v. Texas Dep't of Criminal Justice,* 529 F.3d 599, 603–04 (5th Cir.2008); *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir.2003). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c)(2).

First, Williams argues that the district court erred in dismissing his claim that the defendants acted in retaliation for his successful appeal of a prior unrelated disciplinary conviction. Williams alleged under penalty of perjury that he was charged and convicted of an offense; Captain Hinyard had investigated and recommended that he be convicted; and his disciplinary conviction was overturned on appeal. He also alleged that about two weeks after his successful appeal, Captain Hinyard and others used excessive force against him in retaliation. In light of the foregoing, Williams has alleged a chronology of events from which retaliation may be plausibly inferred. *See Woods v. Smith,* 60 F.3d 1161, 1164–65 (5th Cir.1995). Because an inmate is not required to demonstrate a favorable outcome of a disciplinary case if he is alleging a retaliatory motive, the district court erred in dismissing Williams's retaliation claim as barred by *Heck. See id.*

Next, Williams argues that the district court erred in dismissing his excessive force claim and did not apply the summary judgment standard; that *Heck* and *Balisok* are inapplicable because he is not challenging a disciplinary conviction or the length of his confinement; and that the defendants waived the argument that his claims were barred by *Heck* by failing to raise it in the district court. He contends that the district court's decision was unreasonable and contrary to federal law, citing *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and he argues that the district court failed to follow *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

The record reflects that Williams was adjudicated as an habitual offender. Louisiana law provides that habitual offenders are not eligible to earn good time credits. LA.REV.STAT. ANN. § 15:571.3(C)(2) (inmate sentenced as habitual offender under LA. REV.STAT. ANN. § 15:529.1 is ineligible to receive good time credits). Although Williams argued that *Heck* and *Edwards* do not apply as a result in his objections to the magistrate judge's report, the district court did not specifically address this contention. It is therefore not clear as a matter of law that William's action would necessarily affect the duration of his confinement. *See Edwards,* 520 U.S. at 646–48, 117 S.Ct. 1584; *see also Muhammad v. Close,* 540 U.S. 749, 754–55, 124 S.Ct. 1303,

158 L.Ed.2d 32 (2004); *see also Wilkinson v. Dotson,* 544 U.S. 74, 78–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). We therefore also vacate the district court's dismissal of Williams's excessive force claim as barred by *Heck* and *Edwards* for further consideration of this issue. *See Edwards,* 520 U.S. at 646–48, 117 S.Ct. 1584; *see also Muhammad,* 540 U.S. at 754–55, 124 S.Ct. 1303; *Wilkinson,* 544 U.S. at 78–82, 125 S.Ct. 1242.

Finally, Williams's claim for prospective injunctive relief, if successful, would not necessarily imply the invalidity of the punishment imposed in the prior disciplinary proceeding. *See Wilkinson,* 544 U.S. at 78–82, 125 S.Ct. 1242; *see also Kyles v. Garrett,* 353 Fed.Appx. 942 (5th Cir.2009) (unpublished). The nature of Williams's request is distinguishable from that in *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir.1998)(en banc), as the relief sought here is purely prospective and would not call into question the past events. *See Wilkinson,* 544 U.S. at 78–82, 125 S.Ct. 1242. Therefore, summary judgment was not appropriate on his claim for prospective injunctive relief. We do not, however, express any opinion as to the underlying merits of the claim.

Accordingly, the district court's grant of summary judgment and dismissal of William's claims is VACATED, and the case is REMANDED for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.