# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-30521
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM A. MUSE,

Plaintiff-Appellant

v.

SHERIFF'S DEPARTMENT, OUACHITA PARISH; ROYCE TONEY; JAY RUSSELL; DAVID HARRIS; BRIAN NEWCOMER; LIEUTENANT STEWART; CORPORAL JENKINS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-2230

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

William A. Muse, Louisiana prisoner # 502435, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Muse's motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Muse has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also filed a motion for leave to file a supplemental brief. His motion to file a supplemental brief is GRANTED.

On appeal, Muse reiterates that he was improperly placed in administrative lockdown and that his disciplinary conviction should be dismissed. He challenges the validity of his disciplinary conviction and argues that he was falsely arrested, falsely imprisoned, illegally searched, and maliciously prosecuted. He seeks injunctive and declaratory relief as well as monetary damages and the restoration of his good time credits. Muse also contends that prison officials retaliated against him for filing grievances by placing him in administrative lockdown on another occasion. He further challenges the conditions of his confinement while in lockdown, arguing that his Eighth Amendment rights were violated.

Muse's challenges regarding his disciplinary conviction call into question the validity of the prison disciplinary proceeding; therefore, these claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) because Muse failed to show that the disciplinary conviction had been reversed or expunged. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Additionally, Muse's challenge to the loss of good time credits fails because he cannot recover in a § 1983 action the good time credits forfeited in his disciplinary proceeding. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). To the extent that Muse argues that his due process rights were violated by being placed in administrative lockdown, the claim is frivolous. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The dismissal of the above claims is AFFIRMED.

However, because an inmate is not required to demonstrate a favorable outcome of a disciplinary case if, as here, he is alleging a retaliation claim, the district court abused its discretion in dismissing any such claim as barred by *Heck*. *See Woods v. Smith*, 60 F.3d 1161, 1164-66 (5th Cir. 1995). The district court also failed to address Muse's Eighth Amendment challenge to the conditions of confinement. This claim would also not be barred by *Heck*.

No. 10-30521

In light of the foregoing, the district court's certification that Muse's motion to proceed IFP on appeal was not taken in good faith was erroneous. Whether the facts ultimately establish a retaliation claim or an Eighth Amendment violation are not questions to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissals of the retaliation claim and Eighth Amendment claim are VACATED and REMANDED for further proceedings.

Appellant's motion to proceed IFP is GRANTED.