**Gary Jon HUNTER, Plaintiff–Appellant**

v.

**Rissie OWENS, Defendant–Appellee.**

**No. 10–51160.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 2012.

Gary Jon Hunter, Cuero, TX, pro se.

Kimberly L. Fuchs, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendant–Appellee.

Before KING, WIENER, and HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Gary Jon Hunter ("Hunter") appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights claim as moot. We agree with the district court that Hunter's claim is moot and affirm.

## I. Facts & Proceedings

### A. Facts

Hunter filed this action to challenge the retroactive application of Texas parole statute TEX. GOV'T CODE ANN. § 508.046 as a violation of the Ex Post Facto Clause.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Hunter also asserted a number of additional federal and supplemental state law claims.

Specifically, Hunter contested this section's requirement that, to obtain release on parole, he must receive favorable votes from at least two-thirds of the members of the entire Texas Board of Pardons and Paroles (the "Parole Board"). In his complaint, Hunter sought to be placed under the three-member panel standard which had been in effect at the time of his conviction.

The district court initially dismissed Hunter's complaint for failure to state a claim on which relief may be granted, concluding that his "as applied" ex post facto claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The court reasoned that granting relief would necessarily imply the invalidity of the prior parole decision. On appeal, we held that *Heck* did not bar Hunter's "as applied" ex post facto claim and remanded the case for further proceedings.[2] Before this case was fully resolved on remand, the Parole Board unanimously approved Hunter for release on parole, subject to the condition that he complete an 18–month prerelease sex offender treatment program. Although no further vote is required by the Parole Board for Hunter to be released, he could be subjected to the Parole Board's vote again if he should be deemed ineligible to participate in the program for any of a number of reasons.[3]

## B. Proceedings

Defendant–Appellee Rissie Owens ("Owens"), the presiding officer of the Parole Board, moved for summary judgment, asserting that Hunter's claim had been rendered moot by the Parole Board's favorable vote. In response, Hunter contended that his claim was not moot because, *inter alia:* (1) The Parole Board could retract its approval, (2) even if released on parole, he would still be subject to revocation of his parole, (3) he would be subject to the same parole laws in the future, and (4) other prisoners are subjected to the same retroactive application of the parole laws. The district court granted summary judgment to Owens, concluding that Hunter's claim was moot. This appeal followed.

## II. Analysis

### A. Standard of Review

We review a district court's grant of summary judgment *de novo,* applying the same legal standards as the district court.[4] Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A genuine

---

The district court dismissed Hunter's federal law claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted and declined to exercise supplemental jurisdiction over his state law claims. On appeal, we previously concluded that Hunter had abandoned each of his federal law claims except for his ex post facto claim, and we remanded to the district court to consider whether it should exercise supplemental jurisdiction over his state law claims. *Hunter v. Owens*, 375 Fed.Appx. 427 (5th Cir. Apr.23, 2010) (unpublished).

2. *Hunter*, 375 Fed.Appx. at 429.

3. 37 Tex. Admin. Code § 145.15(a)(2)(D); Board of Pardons and Paroles Directive 145.307(V)(A), (C) (March 30, 2011). The directive provides that an offender may be deemed ineligible to participate in the program because of (1) disciplinary actions, (2) release on a bench warrant, (3) an active felony detainer for a new offense from county or federal law enforcement, or (4) a change in projected release or discharge date of less than 12 months after the offender's initial enrollment in the program.

4. *United States v. Caremark, Inc.,* 634 F.3d 808, 814 (5th Cir.2011).

5. Fed.R.Civ.P. 56(c).

issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.[6] "[A]ll facts and evidence must be taken in the light most favorable to the non-movant."[7] To avoid summary judgment, however, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.[8]

## B. Mootness

On appeal of the district court's summary judgment, Hunter advances a number of legal arguments why his claim is not moot. First, he insists that the retroactive application of § 508.046 affects thousands of Texas prisoners.[9] Hunter also contends that he would once again be subject to the full-board standard of review if his parole were revoked. He further asserts that, because his parole is subject to completion of the 18–month prerelease sex offender treatment program, he is not likely to be released before the expiration of his maximum sentence. In his briefing to this court, Hunter adds that, as of January 2011, he still has not been enrolled in the prerelease program.

Under the doctrine of mootness, litigants must continue to have a personal stake in the outcome of an action, *i.e.*, meaning they "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[10] A prisoner released from custody must show "some concrete and continuing injury other than the now-ended incarceration".[11]

An exception to mootness applies if the alleged violation is "capable of repetition yet evading review."[12] To trigger this exception, however, the complaining litigant must show that (1) the challenged action is too short in duration to be fully litigated, and (2) there is a reasonable expectation that the aggrieved party will again be subject to the challenged action.[13] A "mere physical or theoretical possibility" that an alleged action will recur is not enough to meet the second prong of the exception.[14] Instead, the litigant must show a "reasonable expectation" or "demonstrated probability" that the same controversy will recur and will involve the same complaining party.[15]

In the instant case, Hunter sought to be placed under the prior parole statute which required that a three-member panel review his eligibility for parole. Because the Parole Board has voted to grant Hunter release on parole—albeit subject to completion of the prerelease program—a favorable judgment will no longer redress his injury. As noted, no additional vote by

---

**6.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986).

**7.** *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir.2007).

**8.** *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir.2006).

**9.** The district court denied Hunter's motion for class certification when it initially dismissed Hunter's claims for failure to state a claim, and we did not remand on this issue in the prior appeal.

**10.** *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (internal quotation and citation omitted).

**11.** *Id.*

**12.** *Honig v. Doe*, 484 U.S. 305, 318, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).

**13.** *Kemna*, 523 U.S. at 17, 118 S.Ct. 978.

**14.** *Murphy*, 455 U.S. at 482, 102 S.Ct. 1181.

**15.** *Id.* (citation omitted).

the Parole Board is required for Hunter to be released.

Furthermore, Hunter has not shown that his case falls within the exception to mootness discussed above. There is no concrete indication that his parole will be revoked or that he will be deemed ineligible to participate in the prerelease program and thus be subjected once again to the Parole Board's review. The mere theoretical possibility that, at some future time, Hunter could have his parole revoked or be deemed ineligible to participate in the program because of his own actions [16] does not rise to the level of a "reasonable expectation" that he will again be subjected to the Parole Board's vote. Accordingly, we agree with the district court's analysis and conclude that Hunter's ex post facto claim is indeed moot.

### III. Conclusion

The district court's summary judgment is AFFIRMED.