# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

RENE ADOLPHO GUZMAN,

Plaintiff-Appellant

v.

RISSI L. OWENS, In His Official Capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-101

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rene Adolpho Guzman, Texas prisoner # 239085, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted. In 1974, Guzman was convicted of murder in three cases and sentenced to life imprisonment.

In his § 1983 complaint, Guzman challenged the most recent denial of his parole as unconstitutional. Guzman's claims arise out of changes made to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the number of board members required to vote for parole. Prior to 1997, parole determinations were made by panels of three members of the Parole Board. Effective September 1, 1997, the law was changed to require that two-thirds of the entire 18-member Board vote for parole in certain cases. *See* Act effective Sept. 1, 1997, 75th Leg., R.S. ch. 165, § 12.01; TEX. GOV'T CODE ANN. § 508.046 (Vernon 1998). In 2004, the Board's size was reduced from 18 members to seven members. In his complaint, Guzman argued that the retroactive application of § 508.046 by the Parole Board violated the Ex Post Facto Clause. He also contended that the process by which the Board operated violated his due process rights.

We review a district court's dismissal of a complaint for failure to state a claim de novo. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. In reviewing a dismissal for failure to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

Although Guzman has proffered evidence that two members of the Parole Board voted in favor of his parole, such evidence is speculative at best and is not sufficient to raise a cognizable ex post facto claim. *See Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008). Just as in *Wallace*, Guzman has not presented any evidence to indicate that the two Board members who voted in favor of "further investigation" of his parole suitability, "would have

been assigned to [his] three-person panel. [Guzman, therefore,] produced only speculative evidence that the new rules produced a risk of increased confinement." *Id.* at 356; *see also Hunter v. Owens*, 375 F. App'x 427, 428-29 (5th Cir. 2010). Thus, while "[i]ncreasing the number of board members who must vote on parole may 'create more than a speculative, attenuated risk of affecting a prisoner's actual term of confinement' in certain circumstances," the facts here do not state a claim of relief that as applied to Guzman, § 508.046 violates the Ex Post Facto Clause. *See id.* at 355-56. As to Guzman's due process claim, because there is no liberty interest in parole under Texas law, Texas inmates cannot mount challenges against state parole review procedures on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 332 (5th Cir. 1995).

In light of the foregoing, the judgment of the district court is AFFIRMED.