# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2014

Lyle W. Cayce
Clerk

No. 13-10408

STEPHEN C. WALKER, also known as Stephen Clayton Walker,

   Plaintiff - Appellant

v.

MICHAEL D. SAVERS; JIMMY CORLEY; GRANDVILLE SANDERS; BRAD LIVINGSTON, in His Official Capacity as the Executive Director of the Texas Department of Criminal Justice; SHAWN WATSON; RUSSELL BOCKMAN,

   Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-94

Before JOLLY and JONES, Circuit Judges, and AFRICK*, District Judge.

PER CURIAM:**

   Stephen C. Walker, Texas prisoner # 1417300, assigns a handful of errors in this appeal, but the only one we need reach relates to the district court's treatment of his objections to the magistrate judge's report and recommendation.  On March 8, 2013, a magistrate judge recommended that

---

   * District Judge of the Eastern District of Louisiana, sitting by designation.
   ** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10408

Walker's claims be dismissed on summary judgment and, on March 26, the district court adopted that recommendation.  Walker asserts that, in the meantime, however, on March 22, he mailed to the district court his objections to the magistrate judge's report.  When the district court received the objections on March 29, it treated them as a motion for a new trial under Federal Rule of Civil Procedure 59, which it promptly denied.  Walker argues that the district court erred in treating his objections as a Rule 59 motion.  We agree, assuming, as we do for our purposes today, that Walker indeed mailed his objections on March 22, and so we vacate and remand.

If a party timely objects to the magistrate judge's report and recommendations, the district court must "make a de novo determination of those portions of the report or specified . . . recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).  Thus, if Walker's objections were timely, we must determine "whether the district judge . . . engaged in *de novo* review . . . .  If he did not, we must remand." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Walker's objections may have been timely.  He had fourteen days to file them after entry of the magistrate judge's report and recommendation. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Under the "prison mailbox rule," "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993).  According to Walker (and to his certificate of service), Walker placed his objections in the prison's mail system on March 22, the fourteenth day after the magistrate judge's report and recommendation was entered on March 8.  *See* Fed. R. Civ. P. 6(a) (explaining how to compute time for procedural purposes).  The defendants dispute that date, noting that the envelope containing the objections was postmarked March 26.  But if Walker

is correct that he mailed the objections on March 22, then his objections were timely "filed and served" under *Thompson*.

The question, then, is whether the district court "ma[de] a de novo determination of" the objected-to portions of the magistrate judge's report. § 636(b)(1)(C). The district court did not, but instead explicitly construed Walker's objections as a Rule 59 motion. It therefore noted that granting the motion would be "extraordinary," and stated that it would do so only if the motion "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence." This review does not satisfy the independent "determination based upon the record . . . unconstrained by the findings and conclusions of the magistrate" that de novo review entails. *See Wilson*, 864 F.2d at 1222.

We vacate the district court's dismissal. On remand, the district court should determine whether Walker's objections were timely filed—and they indeed were if they were mailed on or before March 22. If they were timely filed, the district court should review the objected-to portions of the magistrate judge's report de novo. To the extent Walker supports his objections with new evidence not presented to the magistrate judge, the district court has discretion as to whether to consider it. *See* § 636(b)(1) ("The judge *may* . . . receive further evidence . . . ." (emphasis added)); Fed. R. Civ. P. 72(b) (similar). That discretion should be exercised in view of the factors set out by our decision in *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003).

We make one additional observation about the law to be applied on remand. The magistrate judge rejected Walker's retaliation claim based on his disciplinary charge for possession of contraband because Walker requested the return of the contraband typewriter as part of his relief. According to the magistrate judge, by asking the court to return the typewriter, Walker has

No. 13-10408

asked the court to invalidate the prison's disciplinary charge, and this the court cannot do (absent prior reversal or expungement of the charge) under *Heck v. Humphrey*, 512 U.S. 477 (1994). But because a prisoner need not demonstrate a favorable outcome of his disciplinary case in order to pursue a related retaliation claim, *Heck* does not bar the retaliation claim. *See Muse v. Sheriff's Dep't, Ouachita Parish*, 405 F. App'x 872, 873 (5th Cir. 2010) (citing *Woods v. Smith*, 60 F.3d 1161, 1164–66 (5th Cir. 1995)); *Williams v. Hinyard*, 395 F. App'x 124, 125 (5th Cir. 2010); *Mahogany v. Rogers*, 293 F. App'x 259, 260 (5th Cir. 2008); *Lynn v. Cockrell*, 86 F. App'x 700, 701 (5th Cir. 2004). Insofar as Walker seeks damages for this allegedly retaliatory charge, the *Heck* doctrine does not stand in the way.

VACATED and REMANDED for further proceedings.